## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL SCHRAMM and** | : | |
| **DIANNE SCHRAMM** | : | **CIVIL NO. 1:14-CV-1873** |
| | : | |
| **Plaintiffs,** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **ARKEL MOTORS, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

## REPORT AND RECOMMENDATION

### I.   Statement of Facts and of the Case

This lawsuit involves what is alleged to have been a negligent tractor repair and comes before the court for consideration of a motion for summary judgment filed by the defendant, Arkel Motors, Inc. That summary judgment motion seeks to dismiss the plaintiffs' negligence claim citing a failure to timely support that claim by expert witness testimony. However, we find that the straightforward factual narrative of this tort describes allegations of ordinary negligence, which do not require expert proof. We further find that any opinion testimony that is necessary to an informed understanding of this tractor repair could be provided by the mechanics who worked on the vehicle, the plaintiff and the defendant's employees. Finally, we conclude that appropriate expert proof supporting this claim of negligence was timely obtained by the plaintiffs once the plaintiffs were placed on notice by the defendant of this issue

through the filing of this summary judgment motion. Therefore, it is recommended that this summary judgment motion be denied.

This case arises out of a straightforward factual narrative. On or about August 23, 2012, a 2011 International ProStar tractor operated by Swift Transportation was brought to the repair shop of Arkel Motors, Inc., in New Windsor, New York. The ProStar tractor was taken to this repair facility after it sustained front end damage in an accident. This damage required repairs to the vehicle's bumper, hood, radiator, fan, drive condenser and air cooler.

In the course of undertaking these repairs a device called an assist shock or hood shock had to be attached to the hood of the tractor and the vehicle frame. An assist shock or hood shocker is a hydraulic device which assists in lifting and lowering the tractor's hood. Since the ProStar tractor's hood weighs approximately 250 pounds, the hydraulic assist is needed to safely open and close the hood while making engine repairs. The assist shock is attached to the tractor hood with a pin and two retention clips.

The installation of the hood assist on this ProStar tractor lies at the heart of this case. The mechanics at Arkel, who worked on this Pro Star tractor from August through September 25, 2012, have stated that the hood assist was properly installed, tested, and worked without incident when they turned the truck over to its owner, Swift, in late September, 2012. Following the completion of the repairs, on or about

September 29, 2012, Swift took possession of the tractor. At the time that Swift's driver took possession of the tractor, he conducted a brief inspection of the vehicle opening the hood, and the hood assist device worked without incident. However, shortly after taking possession of the tractor, the Swift driver reported that the repaired front bumper fell off of the vehicle. The driver was then instructed to take the tractor to Swift's terminal facilities in Jonestown, Pennsylvania, where the plaintiff, Michael Schramm, a mechanic who worked for Swift, was assigned on September 30, 2012 to inspect the vehicle.

When Schramm lifted the hood to conduct this inspection, it is alleged that the hood assist became dislodged, and the hood crashed down upon Schramm, causing severe injuries to his shoulder and torso. It is Schramm's position that the hood assist dislodged because it had been negligently installed and that the pin and retention clips had not been properly attached to the hood of the tractor. Notably, Schramm has attested that he personally observed and photographed what he claims was the negligent installation of the hood assist, a process which simply entailed the placement of two retention clips on a pin.

It is against this background that Arkel has now moved for summary judgment. In its motion Arkel argues that Schramm's negligence claim fails as a matter of law because Schramm's claim of negligence rests upon matters of a technical nature which

would require expert testimony. Citing Schramm's failure to timely present an expert opinion report, Arkel contends that the plaintiff's proof of negligence is fatally deficient and that his case fails as a matter of law.

Schramm has responded to this summary judgment motion in a threefold fashion, arguing first that the alleged negligence here, the failure to connect the hood assist with the pin and retention clips, is of such a straightforward fashion that no expert testimony is needed. In addition, according to Schramm, to the extent that some level of knowledge or expertise is needed to explain this negligence claim to the jury, that degree of expertise is the expertise possessed by a truck mechanic. Since both the plaintiff and a number of defense witnesses are truck mechanics, Schramm argues that they are competent to testify to the matters at dispute here. Finally, in response to Arkel's summary judgment motion, Schramm procured an expert report from an engineer who opines that the failure of the hood assist was due to negligent installation. As to this final point, Arkel has submitted a rejoinder to Schramm's contention, arguing that the designation of the expert and submission of the expert report is untimely and should not be permitted.

Upon consideration of these competing positions, for the reasons set forth below, it is recommended that the summary judgment motion be denied.

## II.  **Discussion**

## A.   Rule 56–The Legal Standard.

The defendant has filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which provides that the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. Rule 56(a). Through summary adjudication a court is empowered to dispose of those claims that do not present a "genuine dispute as to any material fact," Fed. R. Civ. P. 56(a), and for which a trial would be "an empty and unnecessary formality."  Univac Dental Co. v. Dentsply Int'l, Inc., No. 07-0493, 2010 U.S. Dist. LEXIS 31615, at *4 (M.D. Pa. Mar. 31, 2010). The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party.  Id. at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact.  Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004).  Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, "the non-

moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." <u>Berckeley Inv. Group. Ltd. v. Colkitt</u>, 455 F.3d 195, 201 (3d Cir. 2006); <u>accord</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986).  If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. <u>Celotex</u>, 477 U.S. at 322.  Summary judgment is also appropriate if the non-moving party provides merely colorable, conclusory, or speculative evidence. <u>Anderson</u>, 477 U.S. at 249.  There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. <u>Id.</u> at 252; <u>see also</u>, <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion." <u>A.W. v. Jersey City Pub. Schs.</u>, 486 F.3d 791, 794 (3d Cir. 2007).

### B.     **Defendant's Summary Judgment Motion Should Be Denied**

With respect to this summary judgment motion, Arkel Motors' position case can be simply stated: Arkel views this as a case which requires expert testimony in order to establish a negligence claim. According to Arkel, Schramm's failure to timely supply such testimony is now fatal and compels dismissal of this complaint.

We disagree. As a federal court exercising diversity jurisdiction in this case, we are obliged to apply the substantive law of Pennsylvania to this dispute. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d. Cir.2000). Under Pennsylvania law, Schramm can maintain a negligence claim against Arkel only if the plaintiff establishes all of the elements for a negligence cause of action, which requires proof of the following four essential elements as part of any claim: (1) a duty on the part of the defendant to conform to a certain standard of conduct with respect to the plaintiff; (2) a breach of that duty by the defendant; (3) a causal connection between the defendant's conduct and the injury suffered by the plaintiff; and (4) actual loss or damage suffered by the plaintiff. Schmoyer by Schmoyer v. Mexico Forge, 437 Pa.Super. 159, 649 A.2d 705, 707 (Pa.Super.1994). Garcia v. Cummings, No. 1:07-CV-01886, 2010 WL 2598305, at *4 (M.D. Pa. Mar. 5, 2010), report and recommendation adopted, No. 1:07-CV-1886, 2010 WL 2597120 (M.D. Pa. June 24, 2010).

Pennsylvania law recognizes that, in some instances, proof of negligence may require presentation of expert testimony. This requirement is imposed by Rule in professional malpractice negligence actions and requires a certificate of merit from an expert witness to sustain such a claim. See Pa.R.C.P. No. 1042.3. In other complex tort actions, such as product liability cases, courts have also opined that expert witnesses may be necessary to establish negligence. On the other hand, Pennsylvania case law

also concedes that expert witness testimony is not necessary to establish a negligence claim "where the matter is ' "so simple, and (the) lack of skill or want of care so obvious, as to be within the range of ordinary experience and comprehension of even nonprofessional persons." ' Berman, supra, 205 F.Supp.2d at 364 (citing Brannan v. Lankenau Hospital, 490 PA 588 (1980))." Hakeem v. Salaam, No. CIV.A. 3:03 0098, 2006 WL 4130488, at *7 (M.D. Pa. July 18, 2006), subsequently aff'd, 260 F. App'x 432 (3d Cir. 2008).

Judged against these legal yardsticks we believe that Arkel's summary judgment motion fails for three reasons. First, as we understand the plaintiffs' claims, this is not a case which requires specialized knowledge or expertise to assess negligence and thus compels expert testimony in support of a tort claim. The plaintiffs' theory of their case seems to be a simple one: Plaintiffs contend that the defendant negligently failed to insert the two retention clips that held the pin which secured the hood assist in place, causing the hood assist to dislodge and the hood to fall striking Mr. Schramm. For their part, the defendant's employees insist that they properly installed the pin and secured it with retention clips.

The use of retention clips to secure a pin is a simple matter of household mechanics, and not a complex technical matter which requires expert testimony. Moreover, in our view the case turns on a credibility determination regarding whether

that simple task was done here, and done correctly. While expert testimony might help inform a jury's understanding of these claims, such expert testimony is not necessary to present this straightforward claim. Therefore, the failure to present such evidence would not be fatal in this case and justify dismissal of this negligence claim.

In any event if some form of opinion testimony is needed here, the current witnesses possess the requisite background training and experience to testify to lay opinions. Stripped to its essentials this case involves a claim of negligence by mechanics in performing a tractor repair. The lead plaintiff, Michael Schramm, and the principal defense witnesses are all truck mechanics. Since this case involves a simple question regarding whether mechanics properly installed the pin and retention clips which held the hood assist in place, this dispute is a matter well within the knowledge and experience of these witnesses and parties. The current parties and witnesses are therefore competent opinion witnesses under Rule 701 of the Federal Rules of Evidence which provides that: "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: **(a)** rationally based on the witness's perception; **(b)** helpful to clearly understanding the witness's testimony or to determining a fact in issue; and  **(c)** not based on scientific, technical, or other specialized knowledge . . . ."  Fed. R. Evid. 701. Allowing these mechanics who were directly involved in the repairs on this vehicle, to testify about what they perceived

regarding the repairs, and opine on whether the repairs were done correctly in terms of using a pin and retention clips to secure the hood assist falls within the scope of their experience and would be potentially be admissible under Rule 701. Therefore, this type of lay opinion evidence would satisfy any burden of proof or production which might rest with Schramm to defeat a motion for summary judgment. See Farner v. Paccar, Inc., 562 F.2d 518, 529 (8th Cir. 1977)(trial court retained the discretion to admit testimony of man with 30 years experience in trucking industry under Rule 701.)

Finally, we note that once Arkel placed the plaintiffs on notice of the fact that it regarded this case as one requiring expert witness testimony through their summary judgment motion, the plaintiffs promptly proffered an expert witness, a professional engineer who opined that the faulty installation of the pin and clips by Arkel caused this accident. In its reply brief Arkel contends that this expert report disclosure is late, falls beyond the deadlines for such disclosures prescribed by the courts' pre-trial order and the rules of civil procedure, and that the expert report should be excluded. However, in this tort case which is governed by Pennsylvania law, we believe that Pennsylvania law provides the appropriate response to this argument.

In Pennsylvania it is recognized that the line between professional and ordinary negligence is not always clear. Therefore, under Pennsylvania law before a party can seek the dismissal of a tort claim for failure to provide a certificate of merit or expert report, the moving party must provide the opponent with notice and an opportunity to

secure an expert opinion.  This notice requirement of Pennsylvania law has been deemed "substantive and must be applied in federal court." Schmigel v. Uchal, 800 F.3d 113, 124 (3d Cir. 2015). Therefore, to the extent that Arkel views this claim as one which entails allegations of professional negligence by its mechanics, it must first provide the Schramms with notice of that fact and allow them the opportunity to obtain an expert opinion to support there claims.

In our view, that is what has transpired here. While we do not believe that the claims in this case were so technically complex that expert testimony was necessary, if the claim is construed as one of professional negligence by automobile mechanics which would compel expert testimony, then this claim would also be subject to the substantive requirement of Pennsylvania law that Arkel provide the Schramms with notice and an opportunity to secure an expert opinion before seeking dismissal of their claims.

In this case, it appears that the first notice the Schramms had of Arkel's position that this was a case of professional negligence which required expert testimony came when Arkel filed its motion for summary judgment. Upon receipt of that motion, which gave the plaintiffs notice of the need to secure an expert witness, the Schramms promptly obtained such an expert. Given the substantive nature of this notice requirement, a notice requirement which under state law requires a party to secure an expert opinion supporting their claims or face dismissal of those claims, we cannot say

that the Schramms acted improperly when they responded to the first notice they received and secured expert witness support for their claims after being notified by Arkel's summary judgment motion that Arkel believed that such proof was required under Pennsylvania law.   Schmigel v. Uchal, 800 F.3d 113, 124 (3d Cir. 2015).

In sum, we do not view this as a case which requires expert testimony. Further, any opinion evidence that might be needed here could be provided by as lay opinion testimony by the auto mechanics who were directly involved in this incident. Finally, it appears that the plaintiffs timely provided expert support for their claim once they were placed on notice that the defendant regarded such proof as an essential element of this claim. Given these circumstances, we believe that the defendant's summary judgment motion fails and should be denied.

## III.   **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendants' motion for summary judgment (Doc.  24) be DENIED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local

Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified   proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions

Submitted this 13th day of June, 2016.

_S/Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge